LSP TRANSMISSION HOLDINGS, LLC, and LS Power Transmission, LLC, Petitioners

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent

Mid–Kansas Electric Company, LLC, et al., Intervenors

No. 15–1157

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

FILED ON: JUNE 1, 2017

Michael Ray Engleman, Squire Patton Boggs (US) LLP, Washington, DC, Lianne Renae Mantione, Squire Patton Boggs (US) LLP, Cleveland, OH, for Petitioners.

Holly Elizabeth Cafer, Beth Guralnick Pacella, Robert Harris Solomon, Esquire, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

ADrienne Elizabeth Clair, Thompson Coburn LLP, Marie Denyse Zosa, Stinson Leonard Street LLP, Matthew Joseph Binette, Esquire, Wright & Talisman, PC, Washington, DC, for Intervenors.

Before: Tatel, Pillard and Wilkins, Circuit Judges.

## JUDGMENT

Per Curiam

This appeal was considered on the record from the Federal Energy Regulatory Commission and on the briefs and arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be **DISMISSED**.

In Order No. 1000, the Federal Energy Regulatory Commission overhauled its

rules governing the planning and development of electric transmission. *South Carolina Public Service Authority v. FERC*, 762 F.3d 41, 48 (D.C. Cir. 2014) (per curiam) (denying petitions to review Order No. 1000). Pursuant to that order, Southwest Power Pool ("SPP"), the regional transmission organization for large parts of the central United States, revised its open-access tariff and membership agreement. The updated tariff provides for a two-stage process for new transmission projects that seek to receive cost allocation—that is, the right to allocate costs for the new transmission facility across the region. Specifically, SPP proposed to first identify the most efficient and cost effective projects for construction, and then to pick a developer for each project through competitive bidding. The Commission ultimately approved SPP's tariff in a series of four orders, three of which are at issue here. *See Southwest Power Pool, Inc.*, 144 FERC ¶ 61,059 (July 18, 2013); *Southwest Power Pool, Inc.*, 149 FERC ¶ 61,048 (Oct. 16, 2014); *Southwest Power Pool, Inc.*, 151 FERC ¶ 61,045 (Apr. 16, 2015); *see also Southwest Power Pool, Inc.*, 152 FERC ¶ 61,106 (Aug. 3, 2015).

LSP Transmission Holdings and LS Power Transmission (collectively, "LSP") "develop and own transmission projects in various areas of the United States and seek to develop and own projects in SPP." Petitioners' Br. 8. They petition for review of the Commission's orders approving SPP's tariff, alleging that two aspects of the tariff violate Order No. 1000 and the Commission's statutory duties: (1) some of the criteria by which SPP evaluates developer bids are duplicative or too attenuated from rates, and (2) SPP improperly "exclude[s] projects from competition based on state and local laws" such as rights of first refusal and rights of way granted to incumbent utilities, *id.* at 61.

LSP has suffered no injury-in-fact, however, and thus lacks standing to bring these challenges. *See Turlock Irrigation District v. FERC*, 786 F.3d 18, 23 (D.C. Cir. 2015) ("To establish constitutional standing, a petitioner must show an ... injury in fact ...." (citation and internal quotation marks omitted)). As to LSP's challenge to the tariff's evaluative criteria, the companies concede that they have no active bids to develop an SPP project, nor has a bid been rejected by SPP. Oral Arg. Rec. 2:28–4:07, 5:44–6:26. Accordingly, "[t]he challenged [Commission] orders do not place any legal burden on [petitioner] or determine any legal rights. The orders merely change the criteria by which future transmission projects will be evaluated when [the regional transmission organization] decides whether those projects will be eligible to receive cost allocation .... [T]he alleged injury is only conjectural." *New York Regional Interconnect, Inc. v. FERC*, 634 F.3d 581, 587–88 (D.C. Cir. 2011).

As to LSP's challenge to the state-law exclusions, LSP could be injured without bidding for a project if SPP deprived it of the opportunity to bid by enforcing a state right. But LSP has identified no specific project that SPP has approved for regional cost allocation in a state whose law gives an incumbent a right of first refusal *and* that SPP has awarded to the incumbent because the incumbent has exercised that right. For this claim too, "nothing distinguishes" LSP "from any other party who might someday wish to build" a project in SPP's territory. *Id.* at 587.

In its briefs and at oral argument, LSP expressed concern that it would be unable to challenge SPP's tariff if and when it suffers a concrete injury because we would regard the petition for review as an "inappropriate collateral attack on an approved order," namely, the orders under review here. Petitioners' Reply Br. 7; *cf. Sacra-*

*mento Municipal Utility District v. FERC*, 428 F.3d 294, 299 (D.C. Cir. 2005) (dismissing a petition in part as a collateral attack on a FERC order). At oral argument, however, Commission counsel agreed that LSP could bring such a challenge and that the Commission would not raise a collateral-attack defense. Oral Arg. Rec. 20:57–21:36. In view of that concession, the Commission would be estopped from doing so.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.